IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-566-KFP |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pursuant to 42 U.S.C. § 405(g), Plaintiff Jerry Sanders filed this action seeking review of the Social Security Administration's decision to deny his application for supplemental security income (SSI). The Court construes Plaintiff's supporting brief (Doc. 11) as a motion for summary judgment and the Commissioner's opposition brief (Doc. 16) as a motion for summary judgment. The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). Docs. 12, 13. After scrutiny of the record and motions submitted by the parties, the Court finds that Plaintiff's motion for summary judgment is due to be DENIED, the Commissioner's motion for summary judgment is due to be GRANTED, and the decision of the Commissioner is due to be AFFIRMED.

**I.     STANDARD OF REVIEW**

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope is limited to determining whether substantial evidence in the record

as a whole supports the Commissioner's decision and whether the correct legal standards were applied. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence is more than a scintilla but less than a preponderance. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's factual findings, the Court must affirm if the decision is supported by substantial evidence. *Winschel*, 631 F.3d at 1178; *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## II.    PROCEDURAL BACKGROUND

Plaintiff applied for SSI with an alleged disability onset date of April 11, 2019. Doc. 11 at 1. When his initial application and reconsideration appeal were denied, he requested a hearing before an Administrative Law Judge. *Id*. The ALJ issued an unfavorable decision on November 23, 2021, and the Appeals Council denied Plaintiff's request for review of that decision. *See* R. 15–27; Doc. 11 at 1. Thus, the hearing decision became the final decision of the Commissioner. *See* 42 U.S.C. § 405(g).

## III.    THE ALJ'S DECISION

The ALJ found that Plaintiff suffered from the following severe, medically determinable impairments: degenerative disc disease of the lumbar spine status post laminectomy and foraminotomy, diskectomy left, right ankle fracture, chronic pain syndrome, depression, and schizophrenia. R. 17. However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that would satisfy the listing impairments found in 20 CFR Part 404, Subpart P, Appendix 1. *Id*. at 18.

The ALJ then determined that Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 CFR § 416.967(b) with the following limitations:

> The claimant can lift up to 20 pounds occasionally; lift or carry up to 10 pounds frequently; sit approximately 6 hours in an 8-hour workday; and stand or walk for approximately 6 hours in an 8-hour workday with normal breaks. The claimant can occasionally stoop, kneel, crouch, and crawl. He can never climb ladders, ropes, or scaffolds. The claimant can engage in frequent bilateral reaching. He must avoid concentrated exposure to extreme cold and to pulmonary irritants such as fumes, odors, dust, and gas. The claimant must avoid all exposure to hazardous conditions such as unprotected heights, dangerous machinery, and uneven surfaces. He would be restricted to jobs with no more than simple, short instructions and simple work-related decisions with few workplace changes. The claimant can tolerate occasional interaction with the general public, supervisors, and coworkers.

R. 19. The ALJ determined that Plaintiff could not perform his past relevant work. However, based on his age, education, work history, and RFC, the ALJ found other jobs in the national economy that Plaintiff can perform, specifically, a hand packager, folder, and mail clerk. *Id*. at 26K27. Thus, the ALJ concluded that Plaintiff is not disabled. *Id*. at 27.

**IV.   DISCUSSION**

Plaintiff makes two arguments on appeal, both of which relate to a consultative examination performed by Nurse Practitioner Adediji. First, Plaintiff asserts that the ALJ could not have properly considered Adediji's findings because the ALJ listed the examination as having occurred on March 10, 2010, when it actually occurred on March 10, 2020. Doc. 11 at 4, 6. Second, because the RFC contains limitations not included in Adediji's opinion—an opinion the ALJ stated that he found persuasive as it was "corroborative of the ultimate findings of [his] decision"—Plaintiff argues the opinion does

not corroborate the RFC and, accordingly, that the ALJ erred in his consideration of the opinion.

A.     **The ALJ's Error on the Date of Nurse Adediji's Examination**

Plaintiff is correct that the ALJ incorrectly listed Nurse Adediji's examination as having occurred in March 2010 rather than March 2020. According to the disability determination explanation (R. 97–98), Adediji examined Plaintiff on March 10, 2020, and the state agency received the examination report on March 21, 2020.[1] Plaintiff argues this error prevented the ALJ from properly considering Adediji's opinion with respect to his condition during the relevant period of disability (Doc. 11 at 6), but he offers no factual or legal support for this conclusory statement.

It is well settled that errors may be harmless if they do not prejudice a claimant. *Battle v. Astrue*, 243 F. App'x 514, 522 (11th Cir. 2007) (citing *Diorio v. Heckler,* 721 F.2d 726, 728 (11th Cir. 1983) (applying harmless error rule to ALJ's errors in statements of fact)). An error is harmless if it did not affect the judge's ultimate determination. *Hunter v. Comm'r of Soc. Sec.*, 609 F. App'x 555, 558 (11th Cir. 2015) (per curiam) (citing *Diorio*, 721 F.2d at 728). A claimant bears the burden of proving an error was harmful. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (noting that burden of showing error is harmful generally falls to party attacking agency's decision).

Here, the date of Adediji's examination did not impact the ALJ's analysis or ultimate conclusion. The date appears to have been immaterial to his conclusion, as the

---

[1] The medical record from Adediji's examination is dated March 10, 2010. R. 396. There is no question that this date is wrong, however, as Adediji references Plaintiff's past surgeries from 2012 and 2016. *Id*.

ALJ credited Adediji's findings as persuasive and, as explained below, crafted an RFC largely consistent with those findings. R. 25. Thus, the apparent scrivener's error was harmless, and remanding this case for the ALJ to address the date of Adidiji's examination would be a waste of judicial and administrative resources. *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013) (holding ALJ's decision will stand when incorrect application of regulations results in harmless error and correct application would not contradict ALJ's ultimate findings) (citation omitted); *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 (11th Cir. 2013) (recognizing that Eleventh Circuit has declined to remand when it would be "wasteful corrective exercise" in light of record and when additional findings would not alter ALJ's decision) (citation omitted); *see also Anderson v. Kijakazi*, No. 1:20-CV-865-JTA, 2022 WL 3650619, at *4 (M.D. Ala. Aug. 24, 2022) (declining to remand on basis that ALJ and vocational expert referenced wrong DOT job number).

      B.     **Nurse Adediji's Findings**

Plaintiff next argues that the ALJ could not have found Nurse Adediji's opinion "corroborative of the ultimate findings of [his] decision" because the RFC contains limitations not included in Adediji's findings and omits some of Adediji's findings. When Adediji performed the consultative examination of Plaintiff, she concluded that Plaintiff was "expected to tolerate a light work schedule that involved lifting frequently no more than 10 pounds and tolerating walking and sitting not for prolong[ed] period[s]. Th[ese] measures include interval breaks, ergonomic chair and back braces for support." R. 399. Thus, the RFC differs from Adediji's findings in that (1) Adediji did not state Plaintiff

could lift 20 pounds occasionally or state how much weight Plaintiff can carry and (2) the RFC does not include Adediji's limitations on walking and sitting with interval breaks, an ergonomic chair, and a back brace for support.

Plaintiff seemingly argues that, by finding Adediji's findings persuasive, the ALJ was bound to mirror those findings in the RFC. However, the RFC is based on all the relevant medical and non-medical evidence in the record. 20 C.F.R. § 416.945(a)(1) and (3). The RFC need not be supported by a medical opinion to find it supported by substantial evidence. *McCarver v. Comm'r of Soc. Sec.*, No. 4:20-CV-1053-JHE, 2022 WL 860190, at *6–7 (N.D. Ala. Mar. 22, 2022) (stating ALJ not required to base RFC on doctor's opinion) (citing *Castle v. Colvin*, 557 F. App'x 849, 853–54 (11th Cir. 2014); 20 C.F.R. § 404.1520c(a)). "To find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has 'provide[d] a sufficient rationale to link' substantial record evidence 'to the legal conclusions reached.'" *Eaton v. Colvin*, 180 F. Supp. 3d 1037, 1055 (S.D. Ala. 2016). So long as substantial evidence supports the RFC determination, the Court must affirm. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *see also* 42 U.S.C. § 405(g).

First, the RFC's lifting and carrying limitations do not conflict with Adediji's findings. Adediji found that Plaintiff can lift 10 pounds frequently; the ALJ found he can lift 20 pounds occasionally and lift or carry 10 pounds frequently. The fact that Adediji offered an opinion on Plaintiff's ability to lift *frequently* does not preclude the ALJ from including a restriction on Plaintiff's ability to lift *occasionally*. Likewise, Adediji's failure to address the amount of weight Plaintiff can carry does not prevent the ALJ from doing

6

so, and there is no conflict between Adediji's limitation of lifting 10 pounds frequently and the RFC's limitation of lifting and carrying 10 pounds frequently.

Second, Adediji's limitations on walking and sitting are somewhat vague. She restricted Plaintiff from walking and sitting for "prolonged" periods (with no specificity as to duration) and stated that "measures" would include interval breaks, an ergonomic chair, and back braces (with no specificity as to frequency or duration of the breaks or how a chair or brace would affect the frequency or duration of breaks). The RFC states that Plaintiff can sit six hours and stand or walk for six hours in an eight-hour workday with normal breaks. Because Adediji did not include similar details in her restrictions, it is not clear whether her intended restrictions conflict with the RFC.

Even if they do conflict, however, a plaintiff cannot merely point to records that support a certain restriction or fail to mention a certain restriction. Instead, a plaintiff must show the absence of substantial evidence supporting the ALJ's determination. *See Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) ("Under a substantial evidence standard of review, [claimant] must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion.") (citing *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)). The Plaintiff cannot meet that burden in this case because the RFC is supported by substantial evidence.

In addition to finding Adediji's opinion persuasive, the ALJ also credited the opinion of Dr. Dhiman, who testified at Plaintiff's hearing. R. 60–65. The ALJ found Dr. Dhiman's testimony "highly persuasive" because he believed it was well supported by the

objective medical evidence and consistent with the record as a whole. Before testifying, Dr. Dhiman reviewed all of Plaintiff's medical records, including Adediji's records, and testified that Plaintiff has the medically determinable impairments of degenerative disc disease of the spine as well as a right ankle fracture secondary to trauma and high blood pressure. R. 61. He testified that Plaintiff has the functional limitations of lifting and carrying up to 20 pounds occasionally; lifting and carrying up to ten pounds frequently; sitting six hours; standing and walking for six hours in any combination; climbing ramps and stairs occasionally; never climbing ladders, ropes, and scaffolds; stooping, kneeling, crouching, and crawling occasionally; and avoiding unprotected heights, heavy machinery, and loud noise environments. R. 62–63. Dr. Dhiman's testimony constitutes substantial evidence supporting the restrictions in the RFC.

Thus, the fact that the ALJ found Adediji's opinion persuasive but did not mirror its limitations in the RFC does not warrant a disturbance of the ALJ's decision. Again, the RFC is based on *all* relevant medical and non-medical evidence in the record, and the ALJ is not required to base an RFC on a doctor's opinion. 20 C.F.R. § 416.945(a)(1) and (3); *McCarver*, 2022 WL 860190, at *6. This Court cannot reweigh the evidence in favor of Adediji's opinion to craft an RFC that mirrors that opinion, and it cannot substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's factual findings. Because Dr. Dhiman's opinion constitutes substantial evidence supporting the RFC, this Court must affirm. *Winschel*, 631 F.3d at 1178; *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## V.  CONCLUSION

For the reasons stated above, it is ORDERED as follows:

1. Plaintiff's Motion for Summary Judgment (Doc. 11) is DENIED;

2. The Commissioner's Motion for Summary Judgment (Doc. 16) is GRANTED; and

3. The Commissioner's decision is AFFIRMED.

A final judgment will be entered separately.

DONE this 25th day of July, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE